UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH S. VON KAENEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-01414-HEA |
| | ) | |
| ARMSTRONG TEASDALE LLP, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Armstrong Teasdale LLP has moved to dismiss the above-captioned matter because Plaintiff Joseph S. von Kaenel has failed to state a claim upon which relief may be granted. Plaintiff alleges that Defendant violated the Age Discrimination in Employment Act ("ADEA") by following its retirement "policy" for equity partners. Plaintiff's Complaint should be dismissed because Plaintiff failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

**I.    BACKGROUND FACTS[1]**

Plaintiff was born on November 27, 1944 and worked as an attorney with Defendant from June 1, 1972 through December 31, 2014. (Complaint, ¶¶ 5-6.) At the time of his separation, Plaintiff was an equity partner of Defendant. (*Id.* ¶ 6.) Defendant maintains a mandatory retirement policy "which requires that equity partners leave the firm at the end of the calendar year in which the equity partner turns seventy (70) years of age." (*Id.* ¶ 11.) In March 2014, Defendant informed Plaintiff that he "would not be allowed to remain employed with Defendant past

---

[1] For the purpose of this Motion to dismiss, Defendant does not dispute, and treats as true, the factual allegations in Plaintiff's Complaint.

December 31, 2014, because he would be turning seventy (70) years old that year." (*Id.* ¶ 10.)

Plaintiff filed a charge of discrimination with the EEOC on December 11, 2014 challenging as discriminatory Defendant's refusal to allow him to remain with the law firm beyond the end of the calendar year in which he turned age 70. (*Id.* ¶ 20.)

## II. MOTION TO DISMISS STANDARD

This Court may grant a motion to dismiss pursuant to Rule 12(b)(6) when the allegations of the complaint fail to plead facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; however, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). When it is clear from the complaint that there is some insuperable bar to relief, a court should grant a Rule 12(b)(6) motion. *Krentz v. Robinson*, 228 F.3d 897, 905 (8th Cir. 2000).

## III. ARGUMENT

**A.  Plaintiff's Complaint Should Be Dismissed Because His EEOC Charge Was Untimely.**

### 1. *The ADEA's 180-Day Filing Requirement.*

As a condition to maintaining a lawsuit under the ADEA, an individual must file a charge of age discrimination with the EEOC within 180 days after the alleged unlawful practice occurred. 29 U.S.C. § 626(d)(1)(A). Where, however, "an alleged unlawful practice occur[s] in a State which has a law prohibiting discrimination in employment because of age **and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice**," then

2

the 180-day deadline is extended to 300 days.  29 U.S.C. §§ 626(d)(1)(B), 633(b) (emphasis added).  The 180-day deadline applies here.

Unlike the ADEA, which prohibits discrimination against individuals aged forty and older (with no upper limitation on age), the Missouri Human Rights Act ("MHRA") limits its age discrimination protection to individuals who are "forty or more years **but less than seventy years**" of age.  *Compare* 29 U.S.C. § 631 to Mo. Rev. Stat. § 213.010(1).  As a result, an individual age seventy or older cannot maintain a suit under the MHRA, as the Missouri Commission on Human Rights ("MCHR") would lack subject matter jurisdiction over the charge of discrimination.

Here, Plaintiff alleges that Defendant discriminated against him by not allowing him to work at Defendant beyond the end of the calendar year in which he turned age 70.  (Complaint ¶¶ 10, 11, 17-19.)  In his Charge, Plaintiff specifically alleged: "**I believe that I have been discriminated against due to my age, 70.**"  (*See* Plaintiff's Charge, attached hereto as Exhibit A (emphasis added).)[2]  The conduct Plaintiff challenges is not illegal under the MHRA.  Mo. Rev. Stat. § 213.010(1).  Indeed, the MCHR confirmed this when it informed Plaintiff that the MCHR "**lacks jurisdiction over this matter because you are 70 or older and therefore outside of the protected age group under the Missouri Human Rights Act**."  (*See* Notice of Termination of Proceedings, attached hereto as Exhibit B (emphasis added).)[3]  Because the alleged unlawful

---

[2] The Court can consider Plaintiff's Charge in deciding this Motion to Dismiss because it is "necessarily embraced" by the Complaint.  *See, e.g., Noble Sys. Corp. v. Alorica Cent., LLC,* 543 F.3d 978, 982 (8th Cir. 2008); *Bradford v. Huckabee,* 394 F.3d 1012, 1015 (8th Cir.2005).

[3] Likewise, the Court can also consider the MCHR's Notice of Termination of Proceedings even though not attached to Plaintiff's Complaint.  *See, e.g.*, *Cotton v. St. Louis Pub. Sch.,* No. 4:12CV1735 JAR, 2013 WL 308876, at *4 (E.D. Mo. Jan. 25, 2013) ("[T]his Court can consider Plaintiff's Notice of Right to Sue issued by the MCHR on a motion to dismiss even though she did not attach the Notice to her Complaint because it is a matter of public record."); *Wallendorf v. Union Elec. Co.,* No. 10-4065-CV-C-NKL, 2010 WL 2076958, at *1 (W.D. Mo. May 24, 2010) ("In addition to the allegations in Wallendorf's complaint, the Court considers documents of Wallendorf's Equal Employment Opportunity Commission [] charges submitted by Defendant

3

practice being challenged by Plaintiff occurred in a state which does not have "a law establishing or authorizing a state authority to grant or seek relief from such discriminatory practice," Plaintiff had 180 days to file his Charge with the EEOC.  29 U.S.C. §§ 626(d)(1)(B), 633(b).

Title 29 C.F.R. § 1601.13 is instructive and addresses the timing requirements for filing charges with the EEOC.  The regulation states, in pertinent part:

> (1) Charges arising in jurisdictions having no [Fair Employment Practice ("FEP")] agency[4] are filed with the Commission upon receipt.  Such charges are timely filed if received by the Commission within 180 days from the date of the alleged violation.
>
> (2) *A jurisdiction having a FEP agency without subject matter jurisdiction over a charge (e.g., an agency which does not cover sex discrimination or does not cover nonprofit organizations) is equivalent to a jurisdiction having no FEP agency*.  Charges over which a FEP agency has no subject matter jurisdiction are filed with the Commission upon receipt and are timely filed if received by the Commission within 180 days from the date of the alleged violation.

29 C.F.R. § 1601.13(1)-(2) (emphasis added); *see also* 29 C.F.R. § 1626.7 (timeliness of charge).[5]

---

Ameren in its motion to dismiss.  Although the Court is considering extraneous documents, it will not convert the motion to dismiss to a motion for summary judgment because the documents are a part of the public record.  Similarly, the Court considers documents of Wallendorf's charges filed with the Missouri Commission on Human Rights[.]" (internal citation omitted)).

[4] 29 C.F.R. § 1601.70 (setting forth FEP agency qualifications).  The MCHR is an FEP agency. *See* 29 C.F.R. § 1601.74 (listing the MCHR as a designated FEP agency).

[5] Title 29 C.F.R. § 1601.13 specifically references the timeliness of EEOC charges alleging violation of Title VII, the Americans with Disabilities Act, and the Genetic Information Nondiscrimination Act charges.  29 C.F.R. § 1601.1 (discussing the ambit of regulations).  Though charges filed with the EEOC regarding the ADEA are referenced at 29 C.F.R. § 1626.7, several courts have utilized the more descriptive language in 29 C.F.R. § 1601.13 with regard to ADEA claims.  *See, e.g., Curtis-Locicero v. Gannett Outdoor Co., Inc., of S. California*, 70 F.3d 119 (9th Cir. 1995) (table) (relying on 29 C.F.R. § 1601.13 in analyzing ADEA claim); *Lemaire v. McRae*, No. CV H-15-1981, 2015 WL 9303121, at *2 (S.D. Tex. Dec. 22, 2015) (same); *Tucker v. Waffle House, Inc.*, No. CIV.A. 12-2446, 2013 WL 1588067, at *8 (E.D. La. Apr. 11, 2013) (same); *Rosseter v. Indus. Light & Magic,* No. C 08-04545 WHA, 2009 WL 764496, at *1 (N.D. Cal. Mar. 20, 2009) (same).  Indeed, in *Oscar Mayer & Co. v. Evans*, the Supreme Court stated:

> Since the ADEA and Title VII share a common purpose, the elimination of discrimination in the workplace, since the language of [the ADEA at 29 U.S.C. §

Because Missouri's FEP agency, the MCHR, did not have subject matter jurisdiction over Plaintiff's charge of discrimination, Plaintiff was required to file his EEOC charge within 180 days of the alleged discriminatory act. *See* 29 U.S.C. §§ 626(d)(1)(B), 633(b); *see also Gross v. Missouri Mounting*, Case No. 4:04CV241 HEA, 2005 WL 3560592 (E.D. Mo. Dec. 29, 2005) (plaintiff, who was 73 years of age, conceded that his charge was subject to the ADEA's 180-day filing requirement); *Dezaio v. Port Auth. of NY & NJ*, 205 F.3d 62, 65 (2d Cir. 2000) (because the Port Authority is not subject to New York's anti-discrimination statutes, the plaintiff was required to file his charge within 180 days); *King v. Port Auth. of New York & New Jersey*, 909 F. Supp. 938, 944-96 (D.N.J. 1995), *aff'd*, 106 F.3d 385 (3d Cir.1996) (Table) (same regarding New Jersey's Port Authority); *Vitug v. Multistate Tax Comm'n*, 860 F. Supp. 546, 551 (N.D. Ill. 1994), *aff'd,* 88 F.3d 506 (7th Cir. 1996) (because the Illinois Human Rights Act does not apply to employers with fewer than 15 employees, state lacked jurisdiction and 180-day deadline applied); *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1088 (9th Cir. 2006) (same regarding non-profit religious organization); *Moore v. Dartmouth College*, No. 99-37-M, 2001 WL 1326584, at *4 (D.N.H. Sep. 28, 2001) (same regarding educational or non-profit organization); *Rosseter v. Indus. Light & Magic*, 2009 WL 210452, at *3 (N.D. Ca. Jan. 27, 2009) (same regarding employer located on certain federally owned property); *Judkins v. Saint Joseph's Coll. of Maine*, 483 F.

---

633(b)] is almost *in haec verba* with [42 U.S.C. § 2000e–5(c) of Title VII], and since the legislative history of § [633(b)] indicates that its source was § [2000e–5(c)], we may properly conclude that Congress intended that the construction of § [633(b)] should follow that of § [2000e–5(c)].

441 U.S. 750, 756 (1979); *see also Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004) (stating that "the ADEA and Title VII have virtually identical requirements with respect to the filing of EEOC charges"); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 395 n.11 (1982) (observing that, "when Congress in 1978 revised the filing requirement of the [ADEA]," the revision "was modeled after Title VII").

5

Supp. 2d 60, 66 (D. Me. 2007) (same regarding acts of discrimination occurring outside of the state's borders); *Levine-Diaz v. Humana Health Care*, 990 F. Supp. 2d 133, 151-52 (D.P.R. 2014) (same regarding retaliation claims); *Husick v. Allegheny County*, No. 07-1175, 2010 WL 1903748, at *1 n.1 (W.D. Pa. May 10, 2010) (same regarding complaint against state judiciary).

      2.    *Plaintiff Was Required to File his Charge with the EEOC within 180 Days of Being Informed in March of 2014 that He Would Be Separated at the End of the Year.*

Though Plaintiff was not separated until December 31, 2014, the limitations period for filing his charge began upon his being informed in March of 2014 of the decision to separate him at the end of 2014.  *See Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980).  In *Ricks*, a college denied a teacher's application for tenure in March 1974.  Then, on September 4, 1974, the teacher and the college entered into a "terminal contract" under which the teacher's employment at the college would end on June 30, 1975.  *Id.* at 253.  The teacher filed an EEOC charge in April 1975 challenging his termination from the college.  *Id*. at 254.

In *Ricks,* the teacher's EEOC charge was filed within 180 days of his last day of work but more than 180 days after he was denied tenure and told he would not be allowed to work beyond June 30, 1975.  The question before the Court was whether the teacher's EEOC charge was filed "within one hundred eighty days after the alleged unlawful employment action occurred" as required by Title VII.  The Supreme Court held that **the 180-day charge–filing limitations period began to run on the date "the tenure decision was made and communicated to Ricks."**  The Court declared that the limitations period began once the decision was made and communicated to Ricks **"even though one of the effects of the denial – the eventual loss of a teaching position – did not occur until later."**  *Id.* at 258.

Here, Plaintiff alleges that "Defendant informed Plaintiff in or about March 2014 that Plaintiff would not be allowed to remain employed with Defendant past December 31, 2014."

6

(Complaint ¶ 10.)  In his Charge, Plaintiff alleged that his Practice Group Leader **informed him in late March 2014 that Defendant's Managing Partner "would not allow me to stay with the firm past December 31, 2014 and that I would be subject to the mandatory retirement age of 70."** (Exh. A).  Under the reasoning of *Ricks*, Defendant's decision to terminate Plaintiff's relationship with Defendant was made and communicated to Plaintiff by no later than March 31, 2014.  Thus, the 180-day charge-filing limitations period started no later than March 31, 2014.  *Id. See also Dring v. McDonnell Douglas Corp.,* 58 F.3d 1323, 1328 (8th Cir. 1995) ("In the context of an ADEA action, our court, following *Ricks*, has accordingly held that the limitations period begins to run when the plaintiff receives notice of a termination decision.  Thus, the accrual date is simply the date on which the adverse employment action is communicated to the plaintiff." (citing *Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286, 288 (8th Cir.1988)); *accord Hutson v. Wells Dairy, Inc.,* 578 F.3d 823, 826 (8th Cir. 2009) (explaining, for purposes of Title VII and the ADEA, that "a termination occurs—and thus triggers the start of the limitations period—on the day . . . when the employer notifies the employee of the decision to terminate her employment").

   3.   *Plaintiff failed to file his EEOC Charge Within 180 Days of March 2014.*

As set out above, Plaintiff was required to file his EEOC charge within 180 days of March 31, 2014 at the latest.  Because Plaintiff failed to file his Charge with the EEOC until December 11, 2014, he was late by at least 70 days.  Plaintiff's Charge was, therefore, untimely and his Complaint should be dismissed with prejudice.  *See, e.g.*, *Kalberer v. Star Tribune*, No. CIV. 12-814 RHK/JSM, 2012 WL 3839341, at *3 (D. Minn. Sept. 4, 2012), *aff'd*, 504 F. App'x 542 (8th Cir. 2013) (dismissing ADEA claims because the plaintiff failed to timely file his charge with the EEOC); *Luetkemeyer v. Columbia Pub. Sch.,* No. 4:13-CV-1110 CEJ, 2013 WL 5707859, at *2 (E.D. Mo. Oct. 21, 2013) (same).

7

## IV. CONCLUSION

Plaintiff was required to file his Charge within 180 days of March of 2014, *i.e.*, by approximately the end of September of 2014, at the latest. Because Plaintiff did not file his Charge with the EEOC until December 11, 2014, Plaintiff's claim is time-barred and should be dismissed with prejudice.

Respectfully submitted,

Dated: November 14, 2016

/s/ Neal F. Perryman
Neal F. Perryman, 43057
Michael L. Jente, 62980
LEWIS RICE, LLC
600 Washington
Suite 2500
St. Louis, MO 63101
(314) 444-7661
nperryman@lewisrice.com
mjente@lewisrice.com

*Attorneys for Defendant*
*Armstrong Teasdale LLP*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served via this Court's ECF system to the following parties this 14th day of November, 2016

/s/ Neal F. Perryman