# Exhibit A

| EEOC FORM 131 (11/09) | **U.S. Equal Employment Opportunity Commission** | |
|---|---|---|
| | | PERSON FILING CHARGE |
| Mr. Michael Chivell<br>Managing Partner<br>ARMSTRONG TEASDALE LLP<br>7700 Forsyth Blvd., Ste. 1800<br>Saint Louis, MO 63105 | | **Joseph S. VonKaenel** |
| | | THIS PERSON *(check one or both)*<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | | EEOC CHARGE NO.<br>**560-2015-00406** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act (Title VII)   [ ] The Equal Pay Act (EPA)   [ ] The Americans with Disabilities Act (ADA)

[X] The Age Discrimination in Employment Act (ADEA)   [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **22-JAN-15** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **22-JAN-15** to **Joseph Bretz, ADR Staff Mediator, at (314) 539-7840**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Charles E. Stephens,
Investigator
*EEOC Representative*

Telephone (314) 539-7901

St. Louis District Office
Robert A. Young Bldg
1222 Spruce St, Rm 8.100
Saint Louis, MO 63103
Fax: (314) 539-7894

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION
[ ] Race  [ ] Color  [ ] Sex  [ ] Religion  [ ] National Origin  [X] Age  [ ] Disability  [ ] Retaliation  [ ] Genetic Information  [ ] Other

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| December 22, 2014 | James R. Neely, Jr.,<br>Director | |

Enclosure with EEOC
Form 131 (11/09)

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 560-2015-00406 |

| Missouri Commission On Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Joseph S. VonKaenel | (314) 726-6392 | 11-27-1944 |

Street Address: 6655 Waterman, Saint Louis, MO 63130

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ARMSTRONG TEASDALE LLP | 201-500 | (314) 621-5070 |

Street Address: 7700 Forsyth Blvd., Suite 1800, Saint Louis, MO 63105

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-28-2014    Latest: 12-10-2014

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I am a 70 year old male who was hired by the above mentioned employer as an attorney on January 1, 1972. During my annual review in January 2014, Ms. Tessa Trelz told me that she wanted me to stay with the firm past the age of 70 because of my knowledge, expertise and contributions to the firm and that I should count on that. I agreed and accepted her proposal.

II. In late March, Ms. Trelz informed me that Michael Chivell, Managing Partner, would not allow me to stay with the firm past December 31, 2014 and that I would be subject to the mandatory retirement age of 70. Subsequent to March 2014, at least one other partner of the firm asked that I be allowed to stay with the firm. Michael Chivell has denied their requests as well.

III. For the above stated reasons, I believe that I have been discriminated against due to my age, 70, in violation of my civil rights under the Age Discrimination in Employment Act.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Dec 11, 2014 — Joseph S. von Kaenel
Date / Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## St. Louis District Office

Robert A. Young Building
1222 Spruce Street, Room 8.100
St. Louis, MO 63103

# ATTENTION

Participation in the mediation program is completely voluntary, non-binding, and is at no cost to either party. The purpose of mediation is to help the parties reach a fair and expeditious resolution of the charge prior to an investigation or potential litigation.

It is necessary that you contact this office within ten (10) days to advise EEOC of the appropriate point of contact for your organization. Within thirty (30) days indicate how you would like to handle this matter, either by choosing early mediation or by providing a position statement.

EEOC will make every effort to make all contacts with your organization through the Point of Contact you designate, and this information can be updated at any time if this person changes or if you later wish to designate someone else. You may call the EEOC Representative listed on the Notice of Charge to provide this information or if you have any questions.

**WITHIN TEN DAYS:** Complete the following and fax to **314-539-7790**. Direct questions to **Joe Bretz** at **314-539-7840** or email **joseph.bretz@eeoc.gov**.

EEOC Charge Number: _____ Name of Charging Party _____

Name of Respondent (Organization named in the Charge): _____

Name of Point of Contact* regarding this matter: _____

Title: _____ Direct Phone Number: _____

Address (including law firm name, if applicable: _____

Email Address: _____

**WITHIN THIRTY DAYS:** Indicate your selection and fax to **314-539-7790**. Direct questions to **Joe Bretz** at **314-539-7840** or email **joseph.bretz@eeoc.gov**.

☐ YES, Respondent agrees to mediate – IF YOU AGREE TO MEDIATE, YOU DO NOT NEED TO PROVIDE A POSITION STATEMENT OR PROVIDE FURTHER INFORMATION AT THIS TIME.

☐ Please have an EEOC Representative call the listed Point of Contact above to discuss the options available at this time

☐ NO, Respondent does not agree to mediate. Respondent prefers EEOC investigation and will submit a statement of position and/or respond to the requests for information in the enclosed Notice of Charge.

For more information about the EEOC Mediation Program, please visit our website at www.eeoc.gov/eeoc/mediation.

 U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
St. Louis District Office

Robert A. Young Building
1222 Spruce Street, Room 8.100
St. Louis, MO 63103
(314) 539-7800
TTY (314) 539-7803
FAX (314) 539-7893

## Document Retention Notice Pursuant to Charge of Discrimination

You are hereby given notice not to destroy, conceal or alter any paper documents or electronic data including data generated by or stored on any computer or computer storage media (E.G., hard disks, floppy disks, backup tapes, video tapes), that relate to the claims and defenses in the accompanying charge of discrimination. Failure to comply with this notice, either through intentional acts or negligence, can result in sanctions for spoliation of evidence. Sanctions could include monetary penalties and other court-imposed action.

A. **Paper Documents to be Preserved:** Hard-copy information which should be preserved includes, but is not limited to:
1. Personnel files;
2. Employee data;
3. Payroll information;
4. Personnel policies, procedures, and regulations;
5. Letters, memoranda and notes;
6. All complaints of discrimination or unfair treatment;
7. All documents related to internal investigations; and
8. All other documents containing information relevant to the subject matter of the charge of discrimination.
9. All interview notes.

Note that even where hard-copy documents exist, the Commission may still seek the same information in an electronic format simultaneously.

B. **Electronic Data to be Preserved:** Electronic information which should be preserved includes but is not limited to:
1. Electronic mail (e-mail) and information about e-mail (including message contents, header information and logs of e-mail system usage) sent or received which is relevant to the subject matter of the charge of discrimination;
2. Databases (including all records and fields and structural information in such databases), containing any reference to or information about the human resources or personnel information of your employees;
3. Word processing files, including prior drafts, "deleted" files and file fragments, containing information about or relevant to the subject matter of the charge of discrimination;
4. Electronic data files and file fragments created or used by electronic spreadsheet programs, where such data files contain information relevant to the subject matter of the charge of discrimination; and
5. All other electronic data containing information relevant to the subject matter of the charge of discrimination.

C. **Additional Procedures:** The following procedures should be observed or undertaken to further maintain potentially relevant electronic data:
1. **Online Data Storage on Mainframes and Minicomputers:** With regard to online storage or direct access storage devices attached to your mainframe computers or minicomputers: you should not modify or delete any electronic data files, "deleted" files, or file fragments existing at the time of the filing of this charge, unless a true and correct copy of each such electronic data file has been made and steps have been taken to assure that such a copy will be preserved and accessible.
2. **Offline Data Storage, Backups and Archives, Floppy Diskettes, Tapes and Other Removable Electronic Media:** With regard to all electronic media used for offline storage, including magnetic tapes and cartridges and other media that, at the time of the filing of the charge, contained any electronic data meeting the criteria listed in paragraph 1 above. You should stop any activity that may result in the loss of such electronic data, including rotation, destruction,

overwriting or erasure of such media in whole or in part. This request is intended to cover all removable electronic media used for data storage in connection with your computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes and all other media, whether used with personal computers, minicomputers or mainframes or other computers, and whether containing backup or archive data sets and other electronic data, for all of your computer systems.

3. **Retention of Data Storage Devices:** You should not dispose of any electronic data storage devices or media that may contain electronic data meeting the criteria listed in paragraph 1 above.

4. **Fixed Drives on Stand-Alone Personal Computers and Network Workstations:** With regard to electronic data meeting the criteria listed in paragraph 1 above, which existed on fixed drives attached to stand-alone microcomputers or network workstations at the time of the filing of the charge. You should not alter or erase such electronic data, and should not perform other procedures (such as data compression and disk de-fragmentation or optimization routines) that may impact such data, unless a true and correct copy has been made of such active files and of completely restored versions of such deleted electronic files and file fragments, copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files, and arrangements have been made to preserve copies.

5. **Programs and Utilities:** You should preserve copies of all application programs and utilities, which may be used to process electronic data described herein.

6. **Evidence Created Subsequent to This Notice:** With regard to electronic data created subsequent to the date of delivery of this letter, relevant evidence is not to be destroyed and you should take whatever steps are appropriate to avoid destruction of evidence.

# Effective Position Statements

What should a position statement include?

At a minimum, it should include **specific, factual** responses to every allegation of the charge. The position statements should clearly explain the respondent's version of the facts and identify the specific documents and witnesses supporting the position. A well documented position statement can help us accelerate the investigation and limit requests for additional information. Keep the following points in mind as prepare the response to the charge:

- Address each alleged discriminatory act and your position regarding it and provide copies of documents supporting your position and/or version of the events.

- Provide a description of the company; include legal name and address, name, address, title and telephone number of the person responsible for responding to the charge, primary function of the business, and the number of employees. A staffing or organizational chart is also useful in helping to focus the investigation.

- Provide copies or descriptions of any applicable practices, policies or procedures.

- Identify any other individuals who have been similarly affected by these practices, policies or procedures; describe the circumstances in which the practices, policies or procedures have been applied.

- Explain why individuals who were in a similar situation to the Charging Party were not similarly affected.

- Identify official(s) who made decisions or took action relating to the matter(s) raised in the charge.

- Be specific about date(s), action(s) and location(s) applicable to this case.

- Provide copies of internal investigations of the alleged incidents or grievance hearing reports.

- Inform EEOC if the matter has been resolved or can be resolved; if it can be resolved, please indicate your proposal for resolution.

**An effective position statement is clear, concise, complete and responsive.**

Provide your response within the stated deadline. A brief extension of time may be allowed in particular cases, but only when it is clear that you are working in good faith to supply all of the necessary information.

Get the Facts Series

# Mediation

FACTS ABOUT MEDIATION

Mediation is a form of Alternative Dispute Resolution (ADR) that is offered by the U.S. Equal Employment Opportunity Commission (EEOC) as an alternative to the traditional investigative or litigation process. Mediation is an informal process in which a neutral third party helps the opposing parties reach a voluntary, negotiated resolution of a charge of discrimination. The decision to mediate is completely voluntary for the charging party and the employer. Mediation gives the parties the opportunity to discuss the issues raised in the charge, clear up misunderstandings, determine the underlying interests or concerns, find areas of agreement and, ultimately, incorporate those areas of agreement into solutions. A mediator does not resolve the charge or impose a decision on the parties. Instead, the mediator helps parties to agree on a mutually acceptable resolution. The mediation process is strictly confidential. Information disclosed during mediation will not be revealed to anyone, including other EEOC employees.

HOW DOES MEDIATION WORK?

An EEOC representative will contact the charging party and employer concerning their participation in the program. If both parties agree, a mediation session conducted by a trained and experienced mediator is scheduled. While it is not necessary to have an attorney or other representation in order to participate in EEOC's mediation program, either party may choose to do so. It is important that persons attending the mediation session have the authority to resolve the dispute. If mediation is unsuccessful, the charge is investigated like any other charge. Information disclosed during mediation will not be revealed to anyone ... including other EEOC employees.

ADVANTAGES OF MEDIATION

- Mediation is an efficient process that saves time and money. Successful mediation avoids a time consuming investigation and achieves a prompt resolution of the charge. The majority of mediations are accomplished in one session, which usually lasts from one to five hours.
- Mediation is fair. Mediators are neutral third parties who have no interest in the outcome. Their role is to help the parties resolve the charge.
- Mediation is a confidential process. The sessions are not tape-recorded or transcribed. Notes taken during the mediation are discarded.
- Settlement agreements secured during mediation do not constitute an admission by the employer of any violation of the laws enforced by EEOC.
- Mediation avoids lengthy and unnecessary litigation.

For additional information about the mediation program at EEOC, you may contact EEOC's web page at www.eeoc.gov or the EEOC field office nearest you by calling our toll free numbers 1-800-669-4000 (voice) or 1-800-669-6820 (TTY).

Publication # EEOC-FS-E12