**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JOSEPH S. VON KAENEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16-CV-01414-HEA |
| | ) |
| ARMSTRONG TEASDALE, LLP, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

**I.  INTRODUCTION**

Plaintiff Joseph von Kaenel has brought this action against Defendant Armstrong Teasdale, LLP, pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* Plaintiff alleges that Defendant discriminated against him because of his age when it informed him in March 2014, when Plaintiff was 69 years old, that he would not be allowed to remain employed by Defendant beyond December 31, 2014, because he would then be 70 years old.

On November 16, 2016, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant contends that Plaintiff has failed to state a claim upon which relief may be granted because he did not exhaust his administrative remedies prior to filing this lawsuit by filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). As discussed below, however, the plain language of the ADEA and accompanying regulations clearly provide that Plaintiff had 300 days after Defendant informed him that his employment would be terminated to file a charge

of discrimination, and the facts in Plaintiff's Complaint show that he satisfied that requirement. Accordingly, Defendant's motion to dismiss should be denied.

## II.     STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "Ultimately, evaluation of a complaint upon a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 663-64).

## III.    ARGUMENT

Defendant's sole argument in support of its motion to dismiss is that Plaintiff failed to file a timely charge of discrimination with the EEOC. According to Defendant, Plaintiff was required to file a charge of discrimination within 180 days after Defendant informed him that his employment would not continue beyond December 31, 2014, and Plaintiff did not file a charge until at least 255 days after being so informed. Defendant's argument, however, is not supported by the plain language of the ADEA or the regulations issued by the EEOC pursuant to its delegated authority.

The ADEA provides that "[n]o civil action may be commenced by an individual . . . until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." 29

2

U.S.C. § 626(d)(1). The statute further provides that a charge of discrimination must be filed "within 180 days after the alleged unlawful practice occurred," or, "in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier." *Id.* Section 633(b) of the ADEA applies "[i]n the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice." 29 U.S.C. § 633(b).

Regulations issued by the EEOC provide further clarity regarding the charge-filing requirements set forth in the ADEA. Those regulations are found in Title 29, Part 1626 of the Code of Federal Regulations, which contains "the procedures established by the [EEOC] for carrying out its responsibilities in the administration and enforcement of the [ADEA]." 29 C.F.R. § 1616.1. Section 1626.7 of those regulations states that "no civil action may be commenced by an individual until 60 days after a charge has been filed on the subject matter of the suit, and such charge shall be filed with the [EEOC] or its designated agent within 180 days of the alleged discriminatory action, or, in a case where the alleged discriminatory action occurs in a state which has its own age discrimination law and authority administering the law, within 300 days of the alleged discriminatory action." 29 C.F.R. § 1626.7.

There is no question that Missouri has its own law prohibiting discrimination in employment because of age. The Missouri Human Rights Act ("MHRA") states that "[i]t shall be an unlawful employment practice . . . [f]or an employer, because of the . . . age . . . of any individual . . . [t]o fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or

3

privileges of employment, because of such individual's . . . age . . . ." Mo. Rev. Stat. § 213.055.1. Furthermore, Missouri has an authority—the Missouri Commission on Human Rights ("MCHR")—that administers the MHRA and is authorized to grant or seek relief from unlawful discriminatory practices. *See* Mo. Rev. Stat. §§ 213.010, 213.030, and 213.070 (describing authority and powers of MCHR). Therefore, based upon the plain language of 29 U.S.C. 626(d)(1) and 29 C.F.R. § 1626.7, Plaintiff was required to file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory practice, not 180 days as Defendant contends.

Despite the unambiguous statutory and regulatory language cited above, Defendant asserts that the 300-day rule is applicable only in situations where the state authority has subject matter jurisdiction over the particular claim at issue. Such a requirement is conspicuously absent from the ADEA and accompanying regulations.[1] Defendant relies upon language contained in 29 C.F.R. § 1601.13 to support its argument, but the regulations contained in that section were issued by the EEOC for the purpose of "carrying out its responsibilities in the administration and enforcement of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Genetic Information Nondiscrimination Act of 2008." 29 C.F.R. § 1601.13. As noted previously, the EEOC has issued separate regulations that apply specifically to claims of discrimination under the ADEA. Although some courts have applied the procedures set forth in 29 C.F.R. § 1601.13 to claims under the ADEA, the majority of the cases cited by Defendant involved claims under Title VII as well as claims under the ADEA, and the courts in those cases did not make any effort to analyze the differences in the applicable regulations. If the EEOC

---

[1]Defendant has also failed to cite a single case that has interpreted 29 U.S.C. 626(d)(1) or 29 C.F.R. § 1626.7 to require the applicable state authority to have subject matter jurisdiction over the particular claim at issue.

intended for the procedures set forth in 29 C.F.R. § 1601.13 to apply to age discrimination claims, there would have been no reason to issue separate regulations under the ADEA. Accordingly, 29 C.F.R. § 1626.7 must be given its own meaning and interpretation and is the proper regulation to apply in this case.

Even if this Court decides to apply 29 C.F.R. § 1601.13 to this case, the facts alleged by Plaintiff in his Complaint demonstrate that the MCHR had subject matter jurisdiction over his claim and, therefore, he had 300 days to file a charge of discrimination. As Defendant has noted, the MHRA prohibits discrimination in employment against individuals who are at least 40 years old but less than 70 years old. Mo. Rev. Stat. §§ 213.010(1) and 213.055. Plaintiff was born in late 1944. *See* Complaint, ¶ 5. In his Complaint, Plaintiff alleges that Defendant informed him in or about March 2014 that he would not be allowed to remain employed by Defendant past December 31, 2014, because he would be turning 70 years old that year. *Id.*, ¶ 10.

In *Delaware State College v. Ricks*, 449 U.S. 250 (1980), the Supreme Court held that in determining when the time period begins to run for filing a charge of discrimination, the critical fact is when the plaintiff was notified of the unlawful discriminatory practice. 449 U.S. at 258. As the Court noted, "'[t]he proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts become most painful.'" *Id.* (quoting *Abramson v. University of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979)). *See also Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286, 288 (8th Cir. 1988) (applying the rule in *Ricks* to a claim under the ADEA).

In the present case, in accordance with *Ricks*, the unlawful discriminatory practice occurred in March 2014 when Defendant notified Plaintiff that his employment would terminate at the end of the year. In March 2014, Plaintiff was 69 years and was still protected from age discrimination by the MHRA. Therefore, the MCHR had subject matter jurisdiction over

5

Plaintiff's claim and, pursuant to 29 C.F.R. § 1601.13, Plaintiff had 300 days to file a charge of discrimination. Because Plaintiff filed his charge within 300 days after being notified of his pending termination, he properly exhausted his administrative remedies.

It is important to note that in determining whether the MCHR had subject matter jurisdiction over Plaintiff's claim, it does not matter how old Plaintiff was at the time he filed the charge of discrimination or how old he was when his employment with Defendant actually ended. What matters is how old Plaintiff was at the time the discriminatory practice occurred, which Defendant concedes was in March 2014, when Plaintiff was 69 years old. *See* Defendant's Memorandum in Support of Motion to Dismiss, pp. 6-7.

Defendant has cited this Court's decision in *Gross v. Missouri Mounting, Inc.*, 2005 U.S. Dist. LEXIS 37569 (E.D. Mo. Dec. 29, 2005), in support of its argument that the MCHR did not have subject matter jurisdiction over Plaintiff's claim. That case, however, is easily distinguishable from the present case. In *Gross*, this Court noted that "because plaintiff was older than 70 ***at the time of the alleged discrimination***, Missouri is considered a non-deferral state and therefore [the plaintiff's] charge must have been filed within 180 days from the alleged discrimination." 2005 U.S. Dist. LEXIS 37569, at *5 (emphasis added). Similarly, in *Harris v. City of St. Louis*, 2011 U.S. Dist. LEXIS 53136 (E.D. Mo. May 18, 2011), Judge Sippel found that the plaintiff failed to allege membership in an MHRA-protected class where "she was over the age of 70 ***at the time of the adverse employment actions***." 2011 U.S. Dist. LEXIS 53136, at *10. In contrast to the foregoing cases, Plaintiff in the present case was less than 70 years old at the time of the alleged discriminatory act and was protected by the MHRA's prohibition of age discrimination. Defendant's assertion that "[t]he conduct Plaintiff challenges is not illegal under

6

the MHRA" is patently false. *See* Defendant's Memorandum in Support of Motion to Dismiss, p. 3.

Defendant also relies upon a letter that the MCHR sent to Plaintiff stating that the MCHR, after an investigation, determined that it "lacks jurisdiction over this matter because you are 70 or older and therefore outside of the protected age group under the Missouri Human Rights Act." *See* Exhibit B, attached to Defendant's memorandum. As an initial matter, Plaintiff believes that the MCHR's determination was incorrect, as the foregoing discussion demonstrates. The MCHR made this determination without giving Plaintiff the opportunity to respond or the opportunity for a hearing on the issue.

Furthermore, the MCHR's determination that it lacks jurisdiction is not binding on this Court and this Court can make its own determination as to whether the MCHR had subject matter jurisdiction over Plaintiff's claim for purposes of resolving the current motion. *See Stillians v. Iowa*, 843 F.2d 276, 282 (8th Cir. 1988) (holding that decision of state administrative agency may be given preclusive effect in subsequent ADEA litigation only when the plaintiff "was given a full and fair hearing before an administrative body, acting in a judicial capacity"). In the event this Court finds that 29 C.F.R. § 1601.13 is applicable to this case, the Court should find that the MCHR had subject matter jurisdiction over Plaintiff's claim, given that he was 69 years old at the time of the alleged discriminatory act, and that Plaintiff had 300 days to file a charge of discrimination.

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss.

7

                                                                 DOBSON, GOLDBERG, BERNS & RICH, LLP

                                                     By:   /s/ Gregory A. Rich
                                                           Jerome J. Dobson, #33215
                                                           jdobson@dobsongoldberg.com
                                                           Gregory A. Rich, #67115
                                                           grich@dobsongoldberg.com
                                                           Nicole A. Matlock, #66894MO
                                                           5017 Washington Place, Third Floor
                                                           St. Louis, MO 63108
                                                           Tel: (314) 621-8363
                                                           Fax: (314) 621-8366

                                         Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

     The undersigned certifies that on November 21, 2016, the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Neal F. Perryman
Michael L. Jente
LEWIS RICE, LLC
600 Washington Ave., Ste. 2500
St. Louis, MO 63101

                                                              /s/ Gregory A. Rich