UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JOSEPH S. von KAENEL,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:16CV1414 HEA |
| **ARMSTRONG TEASDALE, LLP,** | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 8]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is denied.

## Facts and Background

Plaintiff's Complaint alleges that this is an action brought pursuant to the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 623 for age discrimination. The following facts are alleged:

Plaintiff Joseph S. von Kaenel is a male resident of St. Louis, Missouri. Plaintiff's date of birth is November 27, 1944.

Defendant Armstrong Teasdale, LLP is a Missouri limited liability partnership doing business in St. Louis County with offices located at 7700 Forsyth Blvd, Clayton, MO 63105.

Plaintiff was employed by Defendant as an attorney from June 1, 1972, to December 31, 2014, and was an equity partner at the time of his termination. During his employment with Defendant, Plaintiff performed the duties of his job in a satisfactory manner. At all times relevant herein, Plaintiff was an employee, as defined by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(f), in that he was an individual employed by an employer, and is therefore entitled to the protections of that statute.

At all times relevant herein, Defendant was an employer, as defined by the ADEA, 29 U.S.C. § 630(b), in that it was, and is,  engaged in an industry affecting commerce and employed twenty (20) or more persons for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

Defendant informed Plaintiff in, on, or about March 2014 that Plaintiff would not be allowed to remain employed with Defendant past December 31, 2014, because he would be turning seventy (70) years old that year. Defendant has a policy which requires that equity partners leave the firm at the end of the calendar year in which the equity partner turns seventy (70) years of age.  As a result of this policy, Defendant instituted a program and has a practice of phasing out senior lawyers, which includes steering work away from them, reducing their contact with clients, and reducing their compensation.

Between March 2014 and December 2014, at least one partner at the firm requested that Plaintiff be permitted to remain at the firm past December 31, 2014. Defendant denied that request.

Plaintiff's last day at work with Defendant was December 31, 2014.

Plaintiff was entitled to receive severance benefits for two years when he retired. When he was terminated, Plaintiff was eligible to receive the severance benefits. However, as a condition of receiving those benefits, Defendant required Plaintiff to cease the private practice of law. Plaintiff wished to continue practicing law and did so.

Defendant terminated Plaintiff's severance benefits and failed and refused to pay Plaintiff severance benefits because Plaintiff continued to engage in the private practice of law.

But for Defendant's discriminatory policy, Plaintiff would have retired at or around age 75 or later and would have ceased practicing law at that time and would have received the severance benefits at that time.

Defendant would not have terminated Plaintiff but for his age. Defendant's termination of Plaintiff's employment constitutes a violation of the ADEA, 29 U.S.C. § 623.

On December 11, 2014, Plaintiff timely filed a charge of age discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

The EEOC docketed Plaintiff's charge as Charge Number 560-2015-00406. Plaintiff obtained a Notice of Right to Sue from the EEOC on June 24, 2016.

As a direct and proximate result of Defendant's termination of Plaintiff's employment, Plaintiff has sustained and will continue to sustain lost wages and benefits of employment. As a direct and proximate result of Defendant's termination of Plaintiff's employment, Plaintiff has sustained and will sustain lost severance benefits. As a direct and proximate result of Defendant's termination of Plaintiff's employment, Plaintiff has incurred and will continue to incur attorneys' fees and costs of litigation.

In terminating Plaintiff's employment, Defendant, based on its extensive experience in employment law, knew the termination was a violation of the ADEA or acted with reckless disregard of that law such that Defendant's conduct was willful and warrants an award of additional damages against Defendant for willfulness.

## Motion to Dismiss Standard

Under Fed.R.Civ.P. 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Fed.R.Civ.P. 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient

4

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.,* 599 F.3d 856, 861 (8th Cir.2010) (quoting *Iqbal,* 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group,* 592 F.3d 893, 896 n. 4 (8th Cir.2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens,* 619 F.3d 867, 872–73 (8th Cir.2010).

## Discussion

Defendant argues Plaintiff's Complaint was not timely filed. Defendant argues Plaintiff was required to file a charge of discrimination within 180 days after Defendant informed him that his employment would not continue after December 31, 2014, the end of the year in which he would turn age 70. Plaintiff was informed of this decision in March, 2014. He did, however, file his charge of discrimination within 300 days from the notification.

5

The ADEA provides that "[n]o civil action may be commenced by an individual . . . until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." 29 U.S.C. § 626(d)(1). The statute further provides that a charge of discrimination must be filed "within 180 days after the alleged unlawful practice occurred," or, "in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier." *Id.* Section 633(b) of the ADEA applies "[i]n the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice." 29 U.S.C. § 633(b).

There is no dispute that Missouri is a State which has a law prohibiting discrimination in employment because of age.  The Missouri Human Rights Act ("MHRA") states that "[i]t shall be an unlawful employment practice . . . [f]or an employer, because of the . . . age . . . of any individual . . . [t]o fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . age . . ." Mo. Rev. Stat. § 213.055.1.  This statute

covers persons who are forty and over, but less than seventy years of age. Mo.Rev.Stat. § 213.010(1).

Defendant argues that because the Missouri Human Rights Act did not cover this particular situation since Plaintiff was required to leave its employ because he was 70 years old, Plaintiff cannot rely on the 300 day limitation period.

Perplexingly, Defendant argues that Plaintiff must have filed his claim of discrimination with the EEOC within 180 days from the date he was notified of the alleged discrimination, *i.e.*, March, 2014, but counters Plaintiff's argument that he was 69 in March 2014, so the MHRA *would have* covered him. Defendant however, urges that when the discrimination took effect becomes the salient time under the MHRA, and because Plaintiff was 70 years old by the end of 2014, the MHRA had no jurisdiction over Plaintiff's claim. Thus, Defendant claims that Plaintiff is not entitled to the 300 day limitation period.

The Court disagrees. At the time Defendant claims Plaintiff's time for filing a discrimination charge began, Plaintiff was 69 years old. Whether his claim under the MHRA was a valid claim is of no consequence at this juncture. The significant inquiry is, when Plaintiff's cause of action accrued, was there a statute in Missouri which covered age discrimination? Clearly the MHRA was in effect at that time, and Plaintiff is entitled to rely on the 300 day period for filing his ADEA action.

## Conclusion

Based upon the foregoing analysis, Plaintiff's Complaint cannot be dismissed. Plaintiff has set forth sufficient allegations regarding the timing of his Charge of Discrimination.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 8], is **DENIED.**

Dated this 1st day of August, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE