UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH S. VON KAENEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:16-cv-01414-HEA |
| | ) |
| ARMSTRONG TEASDALE LLP, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE AND
ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Armstrong Teasdale LLP ("Defendant"), by and through counsel, and for its First Amended Answer and Affirmative and Additional Defenses to Plaintiff's Complaint, states as follows:

**Parties**

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

**Jurisdiction and Venue**

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint. Answering further, Defendant denies that Plaintiff is entitled to relief.

4. Defendant admits that venue in this Court is proper pursuant to 28 U.S.C. § 1391, in that some of the Equity Partners who are either natural persons or the Associated Shareholders of corporate Equity Partners of Defendant reside in the Eastern District of Missouri. Defendant denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

2257417.1



## General Factual Allegations

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that Plaintiff was employed by Defendant as an attorney from June 1, 1972 until his election as an Equity Partner effective January 1, 1978. After his election as an Equity Partner and through December 31, 2014, Plaintiff chose to be a corporate Equity Partner of Defendant, holding his Equity Partner interest in the name of a separate professional corporation, Joseph S. von Kaenel, P.C., of which Plaintiff was the Associated Shareholder and sole employee. Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits that Plaintiff, as the Associated Shareholder of Joseph S. von Kaenel, P.C., generally performed his duties in a satisfactory manner. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore, denies the same.

8. Defendant admits Plaintiff was an employee of Joseph S. von Kaenel, P.C. Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that it is an employer as defined by the ADEA, 29 U.S.C. § 630(b), but denies that it employed Plaintiff at any time after January 1, 1978 when Plaintiff became the Associated Shareholder of Joseph S. von Kaenel, P.C., a corporate Equity Partner of Defendant.

10. Defendant admits that the Corporate Services Practice Group Leader informed Plaintiff in or about March 2014 that neither she nor the Managing Partner of Defendant would advocate that an exception be made to the mandatory retirement provision in Defendant's Third 2011 Amendment and Restatement of Partnership Agreement. Defendant denies the remaining

allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that the Third 2011 Amendment and Restatement of Partnership Agreement contains a Mandatory Retirement provision requiring an Equity Partner to retire from Defendant at the end of the calendar year in which the natural Equity Partner or the Associated Shareholder of a corporate Equity Partner turns 70 years of age unless the Equity Partner submits a request to the Executive Committee to extend the date of the Equity Partner's retirement and the Executive Committee approves this request. Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that the Third 2011 Amendment and Restatement of Partnership Agreement contains a Mandatory Retirement provision requiring an Equity Partner to retire from Defendant at the end of the calendar year in which the natural Equity Partner or the Associated Shareholder of a corporate Equity Partner turns 70 years of age unless the Equity Partner submits a request to the Executive Committee to extend the date of the Equity Partner's retirement and the Executive Committee approves this request. Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits that between March 2014 and December 2014, at least one Equity Partner at the firm expressed an opinion that Plaintiff be permitted to remain at Defendant past December 31, 2014. Defendant denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits that Plaintiff's last day with Defendant as the Associated Shareholder of a corporate Equity Partner was December 31, 2014. Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits that in order to receive a "Qualified Retirement Benefit,"

Plaintiff, as the Associated Shareholder of Joseph S. von Kaenel, P.C., was required to undergo a "Retirement" as defined in the Third 2011 Amendment and Restatement of Partnership Agreement. Defendant admits that Plaintiff, as the Associated Shareholder of Joseph S. von Kaenel, P.C., wished to continue practicing law and did so and, therefore, was ineligible to receive a Qualified Retirement Benefit. Defendant denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant admits that it suspended the Qualified Retirement Benefit of Joseph S. von Kaenel, P.C. after learning that Plaintiff, the Associated Shareholder of Joseph S. von Kaenel, P.C., had not undergone a "Retirement" as defined in the Third 2011 Amendment and Restatement of Partnership Agreement. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies that the retirement provision for Equity Partners contained in the Third 2011 Amendment and Restatement of Partnership Agreement is discriminatory. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore, denies the same.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant admits that on December 11, 2014, Plaintiff filed a charge of age discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). The EEOC docketed Plaintiff's charge as Charge Number 560-2015-00406. Defendant denies the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant admits that the EEOC issued a Notice of Right to Sue on or about June 24, 2016 and that the Notice of Right to Sue is attached to Plaintiff's Complaint as Exhibit 1. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, denies same.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

Answering further, Defendant denies that Plaintiff is entitled to any of the relief he seeks in the "WHEREFORE" paragraph following Paragraph 25 of his Complaint.

### **Affirmative and Additional Defenses**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred by the applicable statute of limitations.

3. Plaintiff's Complaint is barred by Plaintiff's failure to file timely a charge of discrimination with the EEOC, *i.e.*, within 180 days of the alleged discriminatory act.

4. Plaintiff's claim is barred by estoppel in that, among other things, Plaintiff, as the Associated Shareholder of Joseph S. von Kaenel, P.C., voted in favor of, executed, and profited under several partnership agreements, including Defendant's Third 2011 Amendment and Restatement of Partnership Agreement containing a Mandatory Retirement provision, and in that

Plaintiff, as the Associated Shareholder of Joseph S. von Kaenel, P.C., failed to seek an exception to the Mandatory Retirement provision.

5. Plaintiff's claim is barred because Plaintiff was not an employee of Defendant subject to the protections of the Age Discrimination in Employment Act.

6. Plaintiff's claim is barred and precluded because Plaintiff is collaterally estopped, or otherwise precluded from, asserting or otherwise litigating that he was an "employee" of Defendant based upon the final Judgment entered in the state court action, *Joseph S. von Kaenel v. Alisa Warren*, Case No. 15AC-CC00472 (Cole Cnty. Cir. Ct.).

7. Plaintiff's claim fails and is otherwise barred because Plaintiff was not an employee of Defendant, but instead was the Associated Shareholder and sole employee of Joseph S. von Kaenel, P.C., which was a corporate Equity Partner of Defendant. Any relationship with Defendant after January 1, 1978 was by and through the professional corporation only.

8. Plaintiff's claim is limited by the scope of the charge of discrimination he filed with the EEOC.

9. Plaintiff lacks standing to assert some or all of his claims and to seek the relief requested, including injunctive relief, because, among other reasons, Plaintiff was not a natural Equity Partner, but instead was the Associated Shareholder and sole employee of a corporate Equity Partner, Joseph S. von Kaenel, P.C., a non-party.

10. Plaintiff's claim is barred for failure to exhaust, failure to satisfy conditions precedent, and failure to mitigate his alleged damages, if any, in that, among other things, Plaintiff failed to submit a request for approval of the Executive Committee to extend his Retirement for an additional year(s) pursuant to Defendant's Third 2011 Amendment and Restatement of Partnership Agreement

11. Plaintiff is not entitled to a jury trial on the equitable remedies sought, including injunctive relief.

12. Plaintiff's claim is barred by estoppel, unclean hands, and laches in that, among other things, Plaintiff organized Joseph S. von Kaenel, P.C. as a corporate Equity Partner and for decades represented himself as the Associated Shareholder and an employee of Joseph S. von Kaenel, P.C. to the federal and state governments and others in order to, upon information and belief, afford himself the liability protections and tax advantages of a corporate entity, and further, accepted the benefits of being a corporate Equity Partner for many years.

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserve the right to amend its Answer to assert such defenses.

WHEREFORE, having fully answered, Defendant denies Plaintiff is entitled to any of the relief sought under the Complaint or to any relief whatsoever. Defendant prays for dismissal of this action and whatever further relief this Court deems just and proper under the circumstances.

Respectfully submitted,

Dated: January 26, 2018

/s/ Neal F. Perryman
Neal F. Perryman, 43057
Michael L. Jente, 62980
LEWIS RICE, LLC
600 Washington
Suite 2500
St. Louis, MO 63101
(314) 444-7661
nperryman@lewisrice.com
mjente@lewisrice.com

*Attorneys for Defendant*
*Armstrong Teasdale LLP*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served via this Court's ECF system to the following parties this 26th day of January, 2018.

/s/ Neal F. Perryman