UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH S. VON KAENEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16CV1414 HEA |
| | ) | |
| ARMSTRONG TEASDALE, LLP, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION,  MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings, [Doc. No. 25].  The matter is filed by Plaintiff   under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiff Joseph von Kaenel ("Plaintiff") began working as an attorney at Defendant Armstrong Teasdale LLP ("Defendant") on June 1, 1972.  Plaintiff eventually joined Defendant partnership as an equity partner.  Plaintiff turned 70 years old in November 2014.  Defendant has a policy requiring equity partners to leave the firm at the end of the calendar year in which the partner turns 70 years old.  As such, Defendant informed Plaintiff that he would not be allowed to work

past December 31, 2014.  Plaintiff was entitled to severance benefits after this

termination on the condition that he ceased the private practice of law.  Plaintiff

chose to continue the private practice of law, and Defendant terminated Plaintiff's

severance benefits.  Plaintiff claims that if Defendant did not have its policy

requiring equity partners to retire at 70, he would have retired at 75, stopped

practicing law, and received his severance benefits.

On December 11, 2014, Defendant filed a Charge of Discrimination with the

Equal Employment Opportunity Commission (the "EEOC") and the Missouri

Commission on Human Rights (the "MCHR") alleging employment discrimination

by Defendant based on Plaintiff's age of 70.   On February 17, 2015 MCHR issued

a Notice of Termination of Proceedings informing Plaintiff that MCHR lacked

jurisdiction over his complaint because he was 70 years old and therefore outside

the protected age group under the Missouri Human Rights Act (the "MHRA").

On October 13, 2015, Plaintiff filed a Petition for Writ of Mandamus in the

Circuit Court for Cole County, Missouri (the "Cole County court") asking the court

to issue a Writ of Mandamus directing the MCHR to either issue a Notice of Right

to Sue Letter or reopen and fully investigate Plaintiff's case.  The Cole County

court held an evidentiary hearing on the Petition, at which the MCHR argued, *inter*

*alia*, that Plaintiff was not an "employee" protected by the MHRA by virtue of his

position as an equity partner of Defendant partnership.  At the evidentiary hearing,

Plaintiff testified as to his rights and obligations as an equity partner under the partnership agreement.  The Cole County court's judgment, issued October 19, 2017, dismissed Plaintiff's Petition and found that "as an equity partner of Armstrong Teasdale LLP, [Plaintiff] is not a covered employee protected by the [MHRA.]"

The EEOC issued a Notice of Right to Sue to Plaintiff for his ADEA claim on June 24, 2016.  Plaintiff filed his Complaint in the instant action on September 1, 2016.

In support of its motion for judgment on the pleadings, Defendant argues that the issue of whether Plaintiff was an "employee" of Defendant was already litigated by the Cole County court and thus Plaintiff is collaterally estopped from relitigating this issue in the instant action.  Defendant claims that since Plaintiff cannot challenge his status as a non-employee, his claim necessarily fails.

Plaintiff opposes the Motion for Judgment on the Pleadings.  The matter has been fully briefed.

## **Standard**

"After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings."  Fed.R.Civ.P.Rule 12(c).  "A motion for judgment on the pleadings should be granted when, accepting all facts pled by the nonmoving party as true and drawing all reasonable inferences from the facts in

favor of the nonmoving party, the movant has clearly established that no material issue of fact remains and that the movant is entitled to judgment as a matter of law." *Schnuck Markets, Inc. v. First Data Merch. Servs. Corp.*, 852 F.3d 732, 737 (8th Cir. 2017).  As a general rule, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss." *Ginsburg v. InBev NV/SA,* 623 F.3d 1229, 1233 n. 3 (8th Cir.2010); *accord Gallagher v. City of Clayton,* 699 F.3d 1013,1016 -1017 (8th Cir. 2012).  Thus, dismissal under Rule 12(b)(6) – and, hence, judgment pursuant to Rule 12(c) – is appropriate when a claim or action is fatally flawed in its legal premises.  *See Stringer v. St. James R–1 Sch. Dist.,* 446 F.3d 799, 802 (8th Cir.2006) (citing *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir.2001)).

It is well-settled the when considering a motion for judgment on the pleadings, the court generally must ignore materials outside the pleadings, but may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (*citing Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999); *Piper Jaffray Cos. v. National Union Fire Ins. Co.*, 967 F.Supp. 1148, 1152 (D. Minn. 1997)).

## Discussion

In support of its Motion, Defendant invokes the doctrine of collateral estoppel, or issue preclusion, arguing that because the Cole County Court determined that Plaintiff was not an "employee" of Defendant under the MHRA, Defendant should not be required to re-litigate the issue of whether Plaintiff was an "employee" under the ADEA.

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  28 U.S.C. § 1738 provides:

> [J]udicial proceedings of any court of any such State...shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State.

Federal courts, therefore, are specifically required "to give preclusive effect to state court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen*, 449 U.S. at 96.  This rule reduces unnecessary litigation, fosters reliance on adjudication, and promotes comity between the state and federal courts.  *Id.*  Section 1738 "still holds when a federal question case (in federal court) follows a state court proceeding, and even still when that federal question was not or could not actually be litigated in state court." *MacCormack v. Air & Liquid Sys. Corp.*, 2017 WL 3978389, at *2 (E.D. Mo. Sept. 11, 2017).

5

Missouri law determines the preclusive effect of the Cole County court's judgment. In Missouri, collateral estoppel applies to an issue when (1) the issue decided in the prior adjudication was identical to the issue in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication; and (4) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior adjudication. *Coop. Home Care, Inc. v. City of St. Louis*, 514 S.W.3d 571, 581 (Mo. 2017).

Collateral estoppel can be applied offensively or defensively. *Brown v. Carnahan*, 370 S.W.3d 637, 659 (Mo. 2012). "Defensive collateral estoppel generally involves a defendant invoking the doctrine to prevent a plaintiff from relitigating a fact decided against the plaintiff in earlier litigation that is necessary for the plaintiff to establish and carry his burden of proof." *James v. Paul*, 49 S.W.3d 678, 685 (Mo. 2001).

**The issue is subject to collateral estoppel**

For a claim of discrimination in employment to be actionable under either the MHRA or ADEA, the plaintiff must be an "employee" of the defendant. § 213.055.1 RSMo.; 29 U.S.C. § 623(a). In its judgment, the Cole County court found that "as an equity partner of Armstrong Teasdale LLP, [Plaintiff] is not a covered employee protected by the Missouri Human Rights Act." Defendant

claims that this finding is subject to collateral estoppel, thus preventing Plaintiff from relitigating a fact necessary to his ADEA claim, dooming the claim.

This Court evaluates Defendant's collateral estoppel argument in light of the four factors utilized by Missouri courts. A preliminary matter, however, that does not neatly fit under one of the four factors is Plaintiff's claim that the Cole County court's determination on that issue was non-"essential" dicta and thus does not bind this litigation.

For this argument, Plaintiff relies on case law stating that "[t]he doctrine [of collateral estoppel] requires . . . that the issue was essential to the earlier judgment . . . ." Sexton v. Jenkins & Assocs., Inc., 152 S.W.3d 270, 273 (Mo. 2004); Brown v. Carnahan, 370 S.W.3d 637, 659 (Mo. 2012). Plaintiff argues that although the Cole County court expressly held that Plaintiff was not an employee, this holding was not "essential" because it also found that Plaintiff's claim failed based on his age of 70. Plainitff asserts that in so finding, the Cole County court "resolved the only issue that Plainitff raised in his petition and it was not necessary for the court to decide any other issues." Put another way, Plaintiff argues that an issue is dicta, and therefore not "essential" if it makes "no difference to the outcome of the proceeding."

Plaintiff's argument is unpersuasive. The Cole County court made three determinations which were each independently sufficient to uphold its judgment

against Plaintiff's MHRA claim: the alleged discrimination was based on Plaintiff's age of seventy, Plaintiff failed to timely file his charge, and because "as an equity partner of Armstrong Teasdale LLP, [Plaintiff] is not a covered employee protected by the [MHRA.]"  A finding that independently supports a judgment cannot be said to "make no difference" simply because alternative findings support the same conclusion; accordingly, such a finding is not mere dictum.  *Woods v. Interstate Realty Co.*, 337 U.S. 535, 537 (1949) ("[W]here a decision rests on two or more grounds, none can be relegated to the category of obiter dictum."); *Holt v. State*, 494 S.W.2d 657, 659 (Mo. App. St.L. 1973) ("This rule is the only reasonable inference to be drawn from alternative holdings. Unless all the alternatives are to be considered authoritative, how is one to pick which is the rule of law and which is dictum?").  Therefore, the Cole County court's determination as to Plaintiff's MHRA claim failing based on his non-employee status is not dicta, and is an essential finding to the ultimate judgment.  This court proceeds to evaluate Defendant's preclusion argument based on the four factors of collateral estoppel.

### 1.  Identity of the issues

Plaintiff claims that Defendant's invocation of collateral estoppel fails because the issue of whether someone is an "employee" is not identical under the MHRA and ADEA.

The ADEA defines an employee as "an individual employed by any employer."  The MHRA does not expressly define "employee," but "Missouri courts have signaled an intention to utilize a definition similar to those used in analogous federal statues, such as the ADA and ADEA," *Livingston v. Rehabcare Grp. E., Inc.*, 2016 WL 3276945, at *3 (E.D. Mo. June 15, 2016) (*citing Sloan v. Bankers Life & Cas. Co.*, 1 S.W.3d 555, 562 (Mo. App. W.D. 1999).  Still, the MHRA is not to be construed as absolutely identical to its analogous federal acts, and to the extent that "the wording in the MHRA is clear and unambiguous, then federal case law which is contrary to the plain meaning of the MHRA is not binding."  *Brady v. Curators of Univ. of Missouri*, 213 S.W.3d 101, 113 (Mo. App. E.D. 2006); *Hammond v. Municipal Correction Institute*, 117 S.W.3d 130, 136 (Mo. App. W.D. 2003).  The MHRA is certainly not clear and unambiguous as to whether an equity partner is an employee, nor does there seem to be any Missouri case law on point.  It follows, then, that courts utilize analogous federal statutes such as the ADEA to determine issues like whether a partner is an "employee" under the MHRA.  The issue of whether a partner is an "employee" is therefore identical under the MHRA and ADEA.

## 2. Judgment on the merits

"A judgment on the merits is one rendered after argument and investigation and when it is determined which party is right, as distinguished from a judgment

rendered upon some preliminary or technical point." *Brown v. Simmons*, 335
S.W.3d 481, 485 (Mo. Ct. App. 2010).  The Cole County court conducted an
evidentiary hearing on Plaintiff's petition in which Plaintiff himself offered
testimony on the issues.  The judgment was rendered on the substantive facts of the
case, not a "preliminary or technical point."  The state court's judgment was also a
final decision affirming the MHRC's administrative decision.  "It is well
established that judicial affirmance of an administrative determination is entitled to
preclusive effect." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 480 n. 21 (1982).
The second collateral estoppel factor is met.

### 3.  Identity of party against whom estoppel is asserted

Plaintiff was certainly a party to the prior state court litigation.  The third
factor is met.

### 4.  Full and fair opportunity to litigate

The fourth and final factor considered in collateral estoppel analysis is
whether the party against whom preclusion is being asserted had a full and fair
opportunity to litigate the issue in question in the prior action.  In making this
determination, Missouri courts consider another four factors:

> (1) did the person against whom estoppel is asserted have a strong
> incentive to litigate the first action; (2) does the second forum afford
> the party against whom estoppel is asserted procedural opportunities
> not available in the first action; (3) is the prior judgment, upon which
> estoppel is based, inconsistent with one or more prior judgments; and

10

(4) was the forum in the first action substantially inconvenient to the party against whom estoppel is asserted.

*St. Louis Univ. v. Hesselberg Drug Co.*, 35 S.W.3d 451, 455–56 (Mo. App. E.D. 2000).

Plaintiff had a strong incentive to litigate the issue of his status as an "employee" during the prior action. He also, as the plaintiff in that action, chose the forum. It was Plaintiff's burden to prove the necessary elements of a claim under the MHRA, including that he was an "employee" covered by the statute. Plaintiff had the opportunity to present evidence to this effect at the evidentiary hearing, and did testify as to his relationship with Defendant, including the various rights and obligations afforded to him as a partner subject to the partnership agreement. Plaintiff chose the first forum, and does not allege that he was inconvenienced by it nor denied any procedural opportunities available in federal court. Finally, there are no earlier judgments that conflict with the prior judgment. Plaintiff had a full and fair opportunity to litigate this issue in state court.

## Conclusion

Plaintiff is barred by collateral estoppel from relitigating the issue of whether he was an employee of Defendant. The Cole County court's determination that Plaintiff, as an equity partner of Defendant, was not an "employee" covered by Missouri's anti-discrimination statute is binding on this

11

litigation.  As the ADEA only applies to employees, Plaintiff's claim necessarily

fails.  Judgment on the pleadings is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the

Pleadings against Plaintiff, [Doc. No. 25], is **GRANTED**.

Dated this 30th day of July, 2018

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE