# United States Court of Appeals
*For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
www.ca8.uscourts.gov

December 03, 2019

Mr. Gregory Rich
DOBSON & GOLDBERG
3rd Floor
5017 Washington Place
Saint Louis, MO  63108

      RE:  18-2850  Joseph Von Kaenel v. Armstrong Teasdale, LLP

Dear Counsel:

      The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion.

      Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                                          Michael E. Gans
                                          Clerk of Court

AMT

Enclosure(s)

cc:     Mr. Jerome Dobson
          Mr. Michael L Jente
          Mr. Gregory J. Linhares
          Mr. Neal F. Perryman

      District Court/Agency Case Number(s):   4:16-cv-01414-HEA

# United States Court of Appeals
*For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

December 03, 2019

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

RE: 18-2850  Joseph Von Kaenel v. Armstrong Teasdale, LLP

Dear Sirs:

A published opinion was filed today in the above case.

Counsel who presented argument on behalf of the appellant was Gregory Rich, of Saint Louis, MO. The following attorney also appeared on the appellant brief;  Jerome Dobson, of Saint Louis, MO.

Counsel who presented argument on behalf of the appellee was Neal F. Perryman, of Saint Louis, MO. The following attorney also appeared on the appellee brief;  Michael L Jente, of Saint Louis, MO.

The judge who heard the case in the district court was Honorable Henry Edward Autrey. The judgment of the district court was entered on August 1, 2018.

If you have any questions concerning this case, please call this office.

Michael E. Gans
Clerk of Court

AMT

Enclosure(s)

cc:  MO Lawyers Weekly

District Court/Agency Case Number(s):   4:16-cv-01414-HEA

# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2850
_____

Joseph S. Von Kaenel

*Plaintiff - Appellant*

v.

Armstrong Teasdale, LLP

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 24, 2019
Filed: December 3, 2019
_____

Before SMITH, Chief Judge, BEAM and ERICKSON, Circuit Judges.
_____

ERICKSON, Circuit Judge.

The law firm of Armstrong Teasdale, LLP ("Armstrong Teasdale" or "the firm") has a provision in its partnership agreement that requires mandatory retirement at age 70. Joseph S. von Kaenel ("von Kaenel"), an equity partner at the firm, filed this action alleging the firm's mandatory requirement policy is in violation of the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. The district court[1] granted judgment on the pleadings in favor of Armstrong Teasdale. We affirm.

## I.   Background

Armstrong Teasdale employed von Kaenel as an attorney from June 1, 1972, through December 31, 2014. He became a partner on January 1, 1978, and at the time of his retirement was an equity partner.[2] As an equity partner, von Kaenel had the right to vote on changes to the partnership agreement. According to testimony von Kaenel provided in state court proceedings related to a discrimination claim he sought to pursue under the Missouri Human Rights Act ("MHRA"), his pay was based on a "complicated calculation pursuant to the partnership agreement." After becoming a partner in the firm, von Kaenel's compensation was reported on a Schedule K-1 for tax purposes, rather than on a Form W-2. Premiums for health insurance and 401k contributions were deducted from partner distributions. Although the firm assigned a committee to set and review attorneys' hourly rates, the one time that von Kaenel requested that he be allowed to reduce his hourly rate for a particular client, his request was approved. While not given unfettered discretion to set his hourly rate, von Kaenel was responsible for the work performed on behalf of his clients and his substantive work was not reviewed by the practice group leader. As an equity partner, von Kaenel had the right to vote on accepting new partners into the partnership. His employment could be terminated only by vote of the other partners or by operation of the mandatory retirement policy.

---

[1]The Honorable Henry Edward Autrey, United States District Judge for the Eastern District of Missouri.

[2]It may be that it was actually von Kaenel's professional corporation and not von Kaenel himself that was the equity partner of the firm. He was the associated shareholder of a professional corporation, Joseph S. von Kaenel, P.C., which von Kaenel created and through which it appears he may have exercised his equity partner rights. This technical issue has no impact on our analysis.

One of the provisions in the partnership agreement required equity partners to leave the firm at the end of the calendar year in which the equity partner turned 70 years of age, unless that managing partner allowed an exception. Another provision entitled an equity partner to severance benefits for two years after retirement, so long as the partner did not engage in the private practice of law.

In November 2014, von Kaenel reached 70 years of age. He has alleged that but for the firm's mandatory retirement policy, he would have retired at or around age 75 and would have stopped practicing law at that time. Because von Kaenel continued to practice law after leaving Armstrong Teasdale, under the partnership agreement, von Kaenel was ineligible to receive the two year's of severance benefits that he would have been entitled to if he had not engaged in the private practice of law.

Believing that the firm's mandatory retirement policy was discriminatory, on December 11, 2014, von Kaenel filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). The MCHR issued a notice of termination of proceedings based on its finding that von Kaenel was 70 years old and, therefore, fell outside the protected age group. After the termination notice, von Kaenel filed a petition for a writ of mandamus in the Circuit Court for Cole County, Missouri, requesting that the court order the MCHR to issue a notice of the right to sue or, in the alternative, to direct the MCHR to reopen the case and complete a full investigation of his complaint. The Cole County court held an evidentiary hearing on the issue of whether von Kaenel was an "employee" protected by the MHRA. The court determined that as an equity partner, von Kaenel was not a covered employee protected by the MHRA and dismissed his mandamus petition.

On June 24, 2016, von Kaenel received a right to sue letter from the EEOC. He filed this action on September 1, 2016, alleging discriminatory termination in violation of the ADEA. The district court granted judgment on the pleadings in favor of Armstrong Teasdale, concluding (1) von Kaenel is collaterally estopped from relitigating the Cole County court's decision that he is not an "employee" covered by the MHRA, and (2) because, like the MHRA, the ADEA only applies to employees, von Kaenel's ADEA claim necessarily fails.

On appeal, von Kaenel raises two issues: (1) collateral estoppel is inapplicable because the state court's decision was based upon three alternative findings and the finding that von Kaenel was not an employee covered under the MHRA was not essential to the court's decision, and (2) a different result is warranted because Missouri does not define the term "employee" under the MHRA in the same way as the federal courts define that term under the ADEA.

**II.   Discussion**

We review a district court's grant of judgment on the pleadings *de novo*. Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009). The movant bears the burden of "clearly establish[ing] that there are no material issues of fact and that it is entitled to judgment as a matter of law." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). At this stage in the proceedings, we view all facts pled by von Kaenel as true and grant him all reasonable inferences. Clemons, 585 F.3d at 1124 (quoting Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008)).

While a court generally may not consider matters outside the pleadings on a motion for judgment on the pleadings, exceptions include: "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the

-4-

complaint whose authenticity is unquestioned." Williams v. Employers Mut. Cas. Co., 845 F.3d 891, 903–04 (8th Cir. 2017) (quoting Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 n.3 (8th Cir. 2012)).  Here, both parties have extensively referenced and argued about the impact of the state court proceedings on von Kaenel's federal ADEA claim.  A transcript of portions of von Kaenel's testimony given during the state court proceedings was made part of the record in this case when it was attached to Armstrong Teasdale's motion for judgment on the pleadings. At no time has von Kaenel questioned the authenticity of the portions of the transcript submitted to the district court, sought to supplement the partial transcript, or asserted that his state court testimony may not be considered in deciding whether he has sufficiently pled a cognizable federal ADEA claim.  We, therefore, find it permissible to consider von Kaenel's testimony when conducting our *de novo* review.

The ADEA and the MHRA are similar statutory schemes that prohibit discrimination in employment against protected classes.  The ADEA makes it unlawful for an employer to take adverse action against an employee "because of such individual's age."  29 U.S.C. § 623(a).  Subject to certain exceptions not relevant here, the ADEA unhelpfully defines "employee" as "an individual employed by any employer."  29 U.S.C. § 630(f).  An "employer" is defined as "a person . . . who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  29 U.S.C. § 630(b).  As part of the ADEA, Congress elected to allow compulsory retirement policies for individuals who have attained 65 years of age and who for the two years before retirement were "employed in a bona fide executive or a high policymaking position" so long as the individual is "entitled to an immediate nonforfeitable annual retirement benefit from a pension, profit-sharing, savings, or deferred compensation plan, or any combination of such plans, of the employer of such employee, which equals, in the aggregate, at least $44,000."  29 U.S.C. § 631(c).

-5-

Whether a partner in a firm may be deemed "an employee" of the firm and thus an ADEA beneficiary is a matter of first impression for us. The United States Supreme Court in the context of an Americans with Disabilities Act claim explained that resolution of whether shareholder-director physicians that are part of a professional corporation are employees "depends on 'all of the incidents of the relationship . . . with no one factor being decisive.'" Clackamas Gastroenterology Associates, P.C. v. Wells, 538 U.S. 440, 450 (2003) (quoting Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 324 (1992)).  These factors include: (1) whether the organization can hire or fire the individual or set rules and regulations for the individual's work; (2) whether and to what extent the organization supervises the individual's work; (3) whether the individual reports to someone higher in the organization; (4) whether and to what extent the individual is able to influence the organization; (5) whether the parties intended the individual to be an employee, as expressed in written contracts or agreements; and (6) whether the individual shares in the profits, losses, and liabilities of the organization.  Id. (quoting EEOC Compliance Manual § 605:0009).

Other circuits relying on many of these factors have determined that partners or shareholders vested with an ownership interest and/or authority to manage and control the firm or corporation are not "employees" covered under the ADEA. See, e.g., Schmidt v. Ottawa Med. Ctr., P.C., 322 F.3d 461, 468 (7th Cir. 2003) (a family practice physician with the status of shareholder-director who had the opportunity to share control of a closely held professional corporation was treated as a bona fide employer, not an employee, for purposes of the ADEA); Fountain v. Metcalf, Zima & Co., P.A., 925 F.2d 1398, 1401 (11th Cir. 1991) (a shareholder in an accounting firm was a partner, not an employee permitted to sue under the ADEA); Wheeler v. Hurdman, 825 F.2d 257, 277 (10th Cir. 1987) (bona fide general partners in an accounting firm are not employees under federal anti-discrimination laws).

-6-

Guided by the factors set out by the United States Supreme Court and our review of the record, we find that von Kaenel's role as equity partner at Armstrong Teasdale was not simply a title that carried no legal significance. If we peer beneath the title and probe the actual circumstances of von Kaenel's relationship with the firm, von Kaenel's undisputed testimony establishes the following: (1) when von Kaenel became a partner, he was required to make a capital contribution and sign the partnership agreement; (2) von Kaenel had the right to vote on changes proposed to the partnership agreement, which included the mandatory retirement provisions; (3) von Kaenel benefitted in the firm's profits and was disadvantaged by its losses, albeit through "a complicated calculation"; (4) von Kaenel had the right to vote on admission of new partners to the partnership; (5) von Kaenel's health insurance premiums and 401k contributions were deducted from partner distributions; (6) the practice group leader did not review von Kaenel's substantive work; (7) while other members of the firm participated in setting the attorneys' hourly rates for a particular client, the only time von Kaenel requested that he be allowed to reduce his hourly rate to work with a particular client, his request was approved; and (8) once Von Kaenel became an equity partner, he could only be expelled from the firm by vote of the partners or by operation of the mandatory retirement provision.

Although the district court focused on collateral estoppel when granting judgment on the pleadings, "we may affirm a judgment on any ground supported by the record." Adam & Eve Jonesboro, LLC v. Perrin, 933 F.3d 951, 958 (8th Cir. 2019) (citing Ledergerber v. Stangler, 122 F.3d 1142, 1145 (8th Cir. 1997)). The undisputed record establishes that as an equity partner, von Kaenel's compensation scheme which included sharing in the firm's profits and losses, his ability to vote on changes to the firm's policies or admission of new partners, the lack of supervision over his substantive work, the influence he had when requesting to lower his hourly rate for a client, and the limited ways in which he could be expelled from the firm simply do not bear a close relationship to that of an employee. Consistent with the manner in which the term "employee" has been interpreted under federal anti-

-7-

discrimination laws, we conclude von Kaenel was not an employee of the firm and, therefore, is not covered by the ADEA. Armstrong Teasdale is entitled to judgment as a matter of law.

## III.   Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

_____